UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BONNIE MICHELMAN,

                             Plaintiff,

                                    **MEMORANDUM & ORDER**
                 v.                                11-CV-3633 (MKB)

RICOH AMERICAS CORP. and
CHRISTOPHER HORVATH,

                             Defendants.
----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

       On July 27, 2011, Plaintiff Bonnie Michelman filed the above-captioned action against Defendants Ricoh Americas Corporation and Christopher Horvath, alleging that she was terminated because of her age in violation of the Age Discrimination in Employment Act ("ADEA") and New York Executive Law. On March 26, 2012, Magistrate Judge Gary R. Brown ordered Plaintiff to produce a number of documents, including authorizations for the release of Plaintiff's psychotherapy records. (Docket No. 19, Mar. 26, 2012 Minute Order.) That order was ultimately vacated with respect to Plaintiff's psychotherapy records. (Docket No. 26, May 21, 2012 Order; Docket No. 35, July 2, 2012 Order.) On December 18, 2012, Defendants filed a motion to compel, requesting that Magistrate Judge Brown enforce his prior March 26, 2012 order, directing Plaintiff "to produce complete tax returns and identify her health care providers" and compelling Plaintiff to provide a signed HIPAA release to Defendants within five days of the granting of Defendants' motion. (Docket No. 81, Def. Mot. Compel.) Plaintiff objected, arguing that the March 2012 order related to mental health records only and was subsequently vacated. (Docket No. 82, Pl. Opp'n Mot. Compel.)

On January 9, 2013, Magistrate Judge Brown issued the following order, granting in part and denying in part Defendants' motion to compel:

> The Court notes, as it has previously in this action, . . . that plaintiff fails to cite a single legal authority for its position. [T]he unredacted tax returns and accompanying schedules and records of treatment by cardiologist Dr. Gerald Roberts are subject to production. Records of Dr. Roberts' purported treatment are now subject to production for the purposes of impeachment since plaintiff alleged under oath to having received treatment for physical medical conditions, and Dr. Roberts testified (a) to a lack of recollection concerning such treatment, (b) that he possessed no records of such treatment, and (c) the unlikelihood that he attended to a new patient at Saint Francis hospital, as alleged here. Plaintiff shall accordingly produce responsive unredacted tax returns and schedules and HIPAA releases related to the aforementioned treatment. Motion denied as to releases for any other medical records.

(Jan. 9, 2013 Electronic Order.) Plaintiff timely filed an appeal of Magistrate Judge Brown's order pursuant to Rule 72 of the Federal Rules of Civil Procedure. For the reasons set forth below, Magistrate Judge Brown's order is modified with regard to the tax returns and affirmed with regard to the medical authorization.

## I. Discussion

### a. Standard of Review

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" *Pressley v. City of New York*, No. 11 Civ. 3234, 2013 WL 145747, at *14 (E.D.N.Y. Jan. 14, 2013) (citations omitted). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hamill v. Prudential Ins. Co. of Am.*, No. 11 Civ. 1464, 2013 WL 27548, at

2

\*4 (E.D.N.Y. Jan. 2, 2013) (citation and internal quotation marks omitted).  Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused."  *Aboeid v. Saudi Arabian Airlines Corp.*, No. 10 Civ. 2518, 2011 WL 5117733, at \*2 (E.D.N.Y. Sept. 6, 2011) (citing *Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994)).  Therefore, "a party seeking to overturn a discovery order [by a magistrate judge] generally bears a heavy burden."  *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203–04 (E.D.N.Y.2010) (citations and internal quotation marks omitted).

### b. Plaintiff's Objections

#### i. Burden Shifting

First, Plaintiff argues that Magistrate Judge Brown's decision was contrary to law because he improperly shifted the burden of proof to Plaintiff.  (Pl. Appeal 3.)  Magistrate Judge Brown noted in his order that Plaintiff failed to cite any legal authority in support of her position.  (Jan. 9, 2013 Electronic Order.)  Plaintiff argues that this statement indicates that Magistrate Judge Brown improperly shifted the burden to Plaintiff to establish that the contested documents should not be produced, when the burden lay with Defendants.  (Pl. Appeal 3.)  Plaintiff's opposition to Defendants' motion to compel does not cite to a single legal authority.  (Docket No. 82, Pl. Opp'n Mot. Compel.)  Although Plaintiff did not have the burden of proving that the documents at issue should not be produced, Plaintiff still had an obligation to present the Court with the legal basis of her argument.  Magistrate Judge Brown merely noted that Plaintiff had failed once again to provide any legal authority, but he did not rest his decision on those grounds.  Therefore, the reference to Plaintiff's inadequate submission is not grounds for vacating the Magistrate Court's order.

### ii. Tax Returns

Next, Plaintiff argues that Magistrate Judge Brown erred in ordering the production of Plaintiff's unredacted tax returns because "discovery of tax returns should be limited only to the information needed, [sic] because they are protected by a 'quasi-privilege.'" (Pl. Appeal 3–4.) Although tax returns are not privileged documents, courts "are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11 Civ. 976, 2012 WL 1899222, at *7 (E.D.N.Y. May 24, 2012) (quoting *Chen v. Republic Rest. Corp.*, No. 07 Civ. 3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (collecting cases)). Even when ordering production of tax returns, courts have repeatedly rejected requests for unredacted tax returns. *See, e.g.*, *Sentry Ins. A Mut. Co. v. Brand Mgmt. Inc.*, No. 10 Civ. 347, 2012 WL 6617357, at *8 (E.D.N.Y. Dec. 19, 2012) (denying the plaintiff's request for unredacted tax returns where it had "not established that the referenced redacted portions are relevant to its alter ego claim"); *Nielsen v. Soc'y of N.Y. Hosp.*, No. 87 Civ. 8526, 1989 WL 52316, at *2 (S.D.N.Y. May 8, 1989) (denying the defendant's renewed motion to compel unredacted tax returns because the defendant did "not identify any portions of plaintiff's tax returns other than those showing sources and amounts of earned income which are relevant to this action").

Plaintiff's tax returns are relevant to her claim for backpay and to mitigation of damages. Plaintiff produced copies of her tax returns for 2008, 2009, 2010 and 2011; however, the tax returns are redacted and do not include the attached schedules. The tax returns show Plaintiff's income but do not show the source of her income. (Docket No. 81, Def. Mot. Compel 2; Docket No. 82, Pl. Opp'n Compel 2–3.) The Court agrees with Magistrate Judge Brown that the source

of Plaintiff's income is relevant to her claims, and, therefore, Plaintiff must produce her tax returns and accompanying schedules. *McIntosh v. Bank of Am.*, No. 06 Civ. 708, 2008 WL 4501911, at *3 (W.D.N.Y. Sept. 30, 2008) (finding in the context of employment discrimination that plaintiff's earnings are relevant to her claim of damages). However, Plaintiff is permitted to redact all information from her tax returns that does not relate to her income and sources of income. *See Rahman v. Smith & Wollensky Rest. Group, Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *8 (S.D.N.Y. May 24, 2007) (allowing for the production of the requested tax returns but "permit[ting] the plaintiff to redact all information other than his reported earnings from employment." (citation omitted)).

### iii. Medical Records

Finally, Plaintiff argues that Magistrate Judge Brown erred in ordering Plaintiff to sign an authorization to release Dr. Roberts' medical records regarding his purported treatment of Plaintiff. (Pl. Appeal 4.) Plaintiff argues that these medical records are privileged and that privileged records are not discoverable for impeachment purposes. (Pl. Reply 2.) Plaintiff relies heavily on the law governing psychotherapist-patient privilege; however, Dr. Roberts is a cardiologist, and "[n]o physician-patient privilege exists under federal common law."[1] *In re Zyprexa Products Liab. Litig.*, 254 F.R.D. 50, 52 (E.D.N.Y. 2008). Nevertheless, a plaintiff has a privacy interest in his or her medical records. *Laurent v. G & G Bus Serv., Inc.*, No. 10 Civ. 4055, 2011 WL 2683201, at *8 (S.D.N.Y. May 17, 2011), *report and recommendation adopted*,

---

[1] "In cases arising under federal law such as this one, privileges against disclosure are governed by principles of federal law." *Nat'l Abortion Fed'n v. Ashcroft*, No. 03 Civ. 8695, 2004 WL 555701, at *6 (S.D.N.Y. Mar. 19, 2004) (citing *Von Bulow v. Von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987)); *see also In re Zyprexa Products Liab. Litig.*, 254 F.R.D. 50, 52 (E.D.N.Y. 2008) ("[E]ven where a federal question case contains pendent state law claims, the federal law of privileges still obtains.").

5

2011 WL 2693651 (S.D.N.Y. July 11, 2011); *see also E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 122 (W.D.N.Y. 2009) ("[C]laimants . . . maintain privacy interests in their medical records due to the sensitive nature of the information contained therein.").

Plaintiff introduced the issue of her heart condition into this lawsuit, when she testified at her deposition that she had received treatment for chest pains from Dr. Roberts. Magistrate Judge Brown, therefore, concluded that the "[r]ecords of Dr. Roberts' purported treatment are now subject to production for the purposes of impeachment." (Jan. 9, 2013 Electronic Order.) This ruling is not "clearly erroneous or contrary to law," and, therefore, the Court finds that Plaintiff has failed to establish that Magistrate Judge Brown's ruling must be overturned. *See Pressley*, 2013 WL 145747, at *14.

## II. Conclusion

For the reasons set forth above, Magistrate Judge Brown's January 9, 2013 Order is modified in part and affirmed in part. Plaintiff is directed to produce the requested tax returns with accompanying schedules but is permitted to redact all information except information relating to income and source of income. Plaintiff is directed to provide Defendants with an authorization to release Dr. Roberts' medical records regarding his purported treatment of Plaintiff.

SO ORDERED:

      s/MKB
MARGO K. BRODIE
United States District Judge

Dated: February 22, 2013
      Brooklyn, New York